IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TEOTIMO PINTOR, JR.<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:23-cv-00138 |
| PNC BANK, NATIONAL ASSOCIATION<br>*Defendant.* | §<br>§ | |

## NOTICE OF REMOVAL

Defendant, PNC Bank, National Association ("PNC" or "Defendant"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. The grounds for removal are as follows:

### I. STATE COURT ACTION

1. Plaintiff commenced this action by filing an Original Petition (the "Complaint") on March 29, 2023, in the 430th District Court of Hidalgo County, Texas, and the case was docketed as Cause No. C-1235-23-J (the "State Court Action"). The Complaint seeks to prevent the foreclosure of property located at 1313 Jubilee Ave., Pharr, Texas 78577 (the "Property").

2. Copies of the Complaint and summons were never served upon PNC. Citation was never requested or issued in the State Court Action. PNC became aware of the State Court Action on April 5, 2023, when Plaintiff's counsel emailed a copy of the Temporary Restraining Order entered by the Hidalgo County Ancillary Court to counsel for PNC. PNC is filing its Original

Answer in the State Court Action prior to filing this Notice of Removal. True and correct copies of the Complaint and PNC's Answer and Counterclaims are attached hereto as **Exhibit "3."**

3. In the Complaint, Plaintiff sought damages, and award of costs and fees, a Temporary Restraining Order ("TRO"), and a temporary injunction. On March 31, 2023, the Hidalgo County Ancillary Judge entered a TRO and set a hearing on Plaintiff's Application for Temporary Injunction for April 13, 2023. On April 13, 2023, 2023, the Court extended the TRO and re-set the Temporary Injunction hearing for April 27, 2023. A copy of the TRO entered on March 31, 2023, as well as all other orders signed by the state court judge are attached hereto as **Exhibit "4."**

4. Under 28 U.S.C. §1446(b), this Notice of Removal must be filed within thirty days of the service of the Complaint and summons. PNC was not served with citation or a copy of the Complaint, but voluntarily filed is answer on April 21, 2023. PNC's answer constitutes a voluntary waiver of service under Texas Rule of Civil Procedure 119 and 120. The thirty-day removal deadline began to run on the date of PNC's answer. PNC timely files this Notice of Removal on April 24, 2023. *See George-Bauchand v. Wells Fargo Home Mortg., Inc.* 2010 WL 5173004, at *4 (S.D.Tex. Dec. 14, 2010) (finding that in the absence of service of citation, the deadline to remove case began to run upon defendant voluntarily filing an answer).

5. No party requested a jury trial in the State Court Action.

## II. PROCEDURAL REQUIREMENTS

6. Pursuant to Southern District of Texas Local Rule 81, Defendant attaches the following to this Notice of Removal:

   a. A Civil Cover Sheet (**Exhibit 1**);

   b. All executed process in this case **(Exhibit 2)**;

  c. Plaintiff's Original Petition and Defendant's Original Answer and Counterclaim (**Exhibit 3**);

  d. All orders signed by the state judge (**Exhibit 4**);

  e. The docket sheet (**Exhibit 5**);

  f. An index of matters being filed (**Exhibit 6**);

  g. A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit 7**);

  h. Records of property value, Hidalgo County Appraisal District (**Exhibit 8**); and

  i. Disclosure Statement and Certificate of Interested Parties (**Exhibit 9**).

To the extent possible, these documents are arranged in chronological order according to the state court file date.

  7. Concurrent with the filing of this Notice, PNC is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the 430th District Court of Hidalgo County, Texas.

  8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b)(2) and 144(a), because the United States District Court for the Southern District of Texas, McAllen Division is the federal judicial district embracing the 430th Judicial District Court of Hidalgo County, Texas, where this action was originally filed.

  9. PNC is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit "9."**

  10. PNC reserves the right to assert any defenses and/or objections to which it may be entitled.

### III.  BASIS FOR REMOVAL JURISDICTION

**A. Diversity Jurisdiction.**

11. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the Unite States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original jurisdiction over this proceeding because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00. *See: Lincoln Prop. Co. v. Roche*, 54 U.S. 81, 89 (2005).

**i. The Parties are Diverse.**

12. For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning to whenever he is absent there from. *See Preston v. Tenet Healthsytem Mem'l Med. Ctr.*, 485 F.3d 793, 797-798 (5th Cir. 2007). Plaintiff is domiciled in Texas. *See* Complaint, p. 1, ¶ 2 (Exhibit 3). Therefore, Plaintiff is a citizen of Texas for diversity purposes.

13. PNC Bank, National Association is a national banking association. Its citizenship for diversity purposes is determined by the place designated in the bank's articles of association as the location of its main office. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S .303, 318 (2006). PNC's main office, per its Articles of Association, is located in the State of Delaware. PNC is therefore a citizen of Delaware for purposes of diversity jurisdiction.

14. Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware. Complete diversity of citizenship exists between the parties and removal is proper.

**B.     The Amount in Controversy Exceeds 75,000.00**

15.     Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. "The test is whether it is more likely than not that the amount of the claim will exceed the jurisdictional minimum." *St. Paul Reinsurance Co. Ltd. V. Greenburg*, 134 F.3d 12250, 1253 n.13 (5th Cir. 1998). A defendant can meet this burden if other evidence shows the amount in controversy is more likely than not to exceed $75,000.00. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.2d 720, 723 (5th Cir. 2002).

16.     "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Also see Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 346 (1977) and *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). The fair market value of property is an appropriate measure of the value of the injunctive relief sought to stop foreclosure of property. *See Berry v. Chase Home Finance*, LLC, No. C-09-116, 2009 WL 2868224 at *2 (S.D. Tex. August 27, 2009); *Also see Martinez v. BAC Home Loans Servicing, LP*, No. SA-09-CA-951-FB, 2010 WL 6511713 (W.D. Texas Sept 24, 2010); *see also: Nationstar Mortgage, LLC v. Knox*, 351 Fed.Appx. 844, 2009 WL 2605356 ("'[W]hen…a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d. 545, 547-48 (5th Cir. 1961))

17.     In this case, Plaintiff seeks injunctive relief to restrain and enjoin Defendant from conducting a foreclosure sale of the Property. The object of Plaintiff's litigation is the Property. The Property, 1313 Jubilee Ave., Pharr, Texas 78577, is currently appraised at $108,459.00 according to the Hidalgo County Appraisal District. *See* <u>Exhibit 8.</u>

18.     The facts contained in the Hidalgo County Appraisal District reports are generally known within the territorial jurisdiction of this Court and are capable of being accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. Moreover, these facts are adjudicative in that they evidence value.  As such, these facts are subject to judicial notice under FED. RULE OF EVID. 201. Also See *Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); (It is appropriate for the court to take judicial notice of the Hidalgo County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Hidalgo County Appraisal District – cannot be reasonably questioned.). *S.E.C. v. Reynolds*, 2008 WL 4561560, at *3 (N.D. Tex. October 9, 2008) (indicating that the Court had taken judicial notice of publicly available information by reviewing appraised values as reported by the Collin County Appraisal District); *In re Adebo*, 2007 WL 3235122, at *1 (Bkrtcy. S.D. Tex. November 1, 2007) (the Court taking judicial notice of the Hidalgo County Appraisal District valuation). PNC asks the Court to take judicial notice of **Exhibit 8** and the information reported by the Hidalgo County Appraisal District in **Exhibit 8** attached hereto.

## V.     CONCLUSION

19.     The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the controversy exceeds the value of $75,000.00. PNC respectfully asks this Court to accept this Notice of Removal, that further proceedings in the State Court Action be discontinued and that this suit be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Dated: April 24, 2023.

Respectfully submitted,

**HUGHES WATTERS ASKANASE, LLP**

By: __/s/ Damian W. Abreo_____
    Damian W. Abreo
    Texas Bar No. 24006728
    TotalEnergies Tower
    1201 Louisiana Street, 28th Floor
    Houston, Texas 77002
    (713) 759-0818 (Telephone)
    (713) 759-6834 (Facsimile)
    dabreo@hwa.com (E-mail)

**ATTORNEYS FOR DEFENDANT,
PNC BANK, NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 24th day of April, 2023, addressed as follows:

*Via Email: frontdesk@jramoslawgroup.com*
Juan G. Ramos, Jr.
612 W. Nolana, Ste. 566
McAllen, Texas 78504

**ATTORNEY FOR PLAINTIFF**

    _/s/ Damian W. Abreo_____
    Damian W. Abreo