IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TEOTIMO PINTOR JR,<br>      Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:23-CV-00138 |
| PNC BANK NATIONAL ASSOCIATION,<br>      Defendant | §<br>§<br>§ | |

### DEFENDANT, PNC BANK, N.A.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PNC Bank, National Association ("PNC"), moves for dismissal of Plaintiffs' attempted fraud claim pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff fails to state a claim against PNC upon which relief can be granted and fails to meet the heightened pleading standard required by Rule 9. In support, PNC would respectfully show:

### I. SUMMARY OF THE MOTION AND ARGUMENT

1. This is a suit to preempt a non-judicial foreclosure. Teotimo Pintor Jr. ("Plaintiff") filed suit on March 29, 2023, to prevent a foreclosure sale scheduled for April 4, 2023. Plaintiff urges one claim: common law fraud, and seeks a temporary restraining order ("TRO"), actual damages, attorney's fees, and costs. The state court entered a TRO on March 31, 2023, and set a temporary injunction hearing for April 13, 2023. PNC had not been served by April 13, 2023, and the state court continued the injunction hearing until April 27, 2023. Prior to that hearing, PNC removed the case to this Court.

2. Plaintiff's claim centers on the following assertion: "Defendant represented to Plaintiffs that the property located at 1313 Jubilee Ave., Pharr TX 78577 would not be foreclosed upon April 4, 2023 if loan is brought current or paid off before the date of foreclosure." Plaintiff

does not identify the "who, what, when, where and how" of the alleged representation or explained why the statement is factually incorrect. The claim must be dismissed because Plaintiff has failed to meet Rule 9(b)'s heightened pleading requirement for fraud claims. Further, the claim is barred by the statute of frauds and the economic loss rule. Plaintiff's "claim" for injunctive relief cannot stand alone. Allowing Plaintiff an opportunity to re-plead would be futile given Plaintiff's allegations. Accordingly, PNC asks the Court to dismiss Plaintiff's claim with prejudice and award PNC its fees and costs.

## II. Facts

3. Plaintiff makes the following factual assertions:

   a. On December 3, 2004, Plaintiff's purchased property located at 1313 Jubilee Ave., Pharr, Texas, 78577 (the "Property").[1]

   b. Plaintiff lost his employment due to the Covid-19 pandemic and contacted a PNC representative to inform PNC about the situation and "come to a resolution."[2]

   c. On March 14, 2023, PNC sent a Notice of Substitute Trustee's Sale advising that the Property would be sold on April 4, 2023, at 10:00 a.m.

   d. Plaintiff has spoken to PNC to discuss the pending foreclosure to stop the proceedings. To date, Plaintiff has not received notice that the sale has been cancelled.[3]

   e. Plaintiff secured an unidentified buyer for the Property and needs additional time to close and "cure" the loan without going into foreclosure.[4]

---

[1] Plaintiff's Original Petition (the "Complaint") p. 2, § 10.
[2] Complaint, p. 3, § 11.
[3] Complaint, p. 3, § 13.
[4] Complaint, p. 3, § 14.

    f.    Defendant represented to Plaintiff that the property located at 1313 Jubilee Ave., Pharr, TX 78577 would not be foreclosed upon April 4, 2023, if the loan is brought current or paid off before the date of the foreclosure.[5]

    g.    Plaintiff requested reinstatement amounts and pay off amounts in order to avoid the foreclosure process.[6]

    h.    Additionally, and without specific factual support, Plaintiff recites the elements of a fraud claim and a claim for injunctive relief.

4.    As demonstrated below, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's claim must be dismissed pursuant to Rule 12(b)(6) and Rule 9(b).

### III. ARGUMENT AND AUTHORITIES

**A.    The Rule 12(b)(6) Standard.**

5.    In deciding a Rule 12(b)(6) motion, the "court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard does not "require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted)). While a court must accept plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp,* 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[5] Complaint, p. 3, § 16.
[6] Complaint, p. 3, § 19.

accepted as true, to state a claim to relief that is plausible on its face." *Id.* At 570. "A claim has facial plausibility when the court can draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged." *Id.* At 556. The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.* 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Bell Atl. Corp.*, 550 U.S. at 557. In making its determination as to whether dismissal is appropriate under F.R.C.P. 12(b)(6), the Court's review is properly limited to the allegations in the complaint and to those documents attached to a defendant's motion to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004).

B. **The Rule 9(b) pleading standard.**

6. Rule 9(b) requires that plaintiffs, "[i]n alleging fraud or mistake… must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "The Fifth Circuit has interpreted [Rule 9(b)] strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud." *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

7. This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotes

omitted). Nevertheless, "fraud may be pleaded without long or highly detailed particularity." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999). To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representation misleading." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex rel. Riley v. S. Luke's Episcopal Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004)). The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity. *Southland Sec. Corp. v. INSpire Ins. Sols.*, 465 F.3d 353, 365 (5th Cir. 2004). Court "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted." *Lovelace f. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

**C.      Plaintiff's claim does not satisfy the Rule 9(b) standard.**

8.      Plaintiff's pleadings do not allege the necessary elements of his fraud claim. Plaintiff makes no attempt whatsoever to identify the who, what, when, where and how of the alleged fraud as required by Rule 9(b). *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."). Rather, Plaintiff alleges that "Defendant represented to Plaintiffs [sic] that the property located at 1313 Jubilee Ave., Pharr TX 78577 would not be foreclosed upon April 4th, 2023 if loan is brought current or paid off before the date of foreclosure."[7] That allegation falls far short of Rule 9(b)'s requirements because it does not

---

[7] Complaint, p. 3, § 16.

identify the representation or omission of material fact, who made it, or when and how it was made. Plaintiff does not explain why the statement is false or misleading. Given the standard set by Rule 9(b) and the Fifth Circuit's strict interpretation of that Rule, Plaintiff's allegation that PNC at some point told him that the Property would not be foreclosed upon if the loan was reinstated or paid in full is not sufficient to state a fraud claim. The claim should be dismissed.

### D.  **The alleged statement was not false when it was made; Plaintiff has not identified damages.**

9. In Texas, a fraud claim consists of (1) a material representation, (2) that was false, (3) made with knowledge of its falsity or recklessly without knowledge of the truth and as a positive assertion, (4) with the intent to induce another party to act upon the representation, (5) actual reliance by the other party, and (6) injury suffered by the other party as a result of the reliance. *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).

10. Plaintiff's only allegation of a fraudulent representation is a promise of future performance. Promises of future action are generally not actionable under Texas law. *De Franceschi v. BAC Home loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012). A promise of future performance can be actionable if, when it was made, the promisor did not intend on performing the act and made the promise with the intent to deceive the promisee. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986).

11. The statement that "the Property located at 1313 Jubilee Ave., Pharr TX 78577 would not be foreclosed upon April 4th, 2023 if loan is brought current or paid off before the date of foreclosure" is not actionable. Plaintiff fails to allege that PNC had no intention of cancelling the sale if it received funds sufficient to reinstate or pay off the loan. The fact that PNC attempted to conduct the April 4, 2023, foreclosure sale is of no moment, because Plaintiff has not alleged

that he actually tendered funds to reinstate or pay off the loan. "Failure to perform, standing alone, is no evidence of the promisor's intent not to perform when the promise was made." *Spoljaric*, 708 S.W.2d at 435. Plaintiff failed to allege facts that demonstrate the PNC stated the sale would be cancelled upon receipt of reinstatement or payoff funds with no intention of actually cancelling the sale upon receipt of funds. Plaintiff has not alleged facts that demonstrate that PNC acted with the intent to deceive Plaintiff. Without these facts, Plaintiff's fraud claim fails and the Court should dismiss this case.

12. Plaintiff failed to plead injury or damages. There is no allegation that Plaintiff tendered funds to PNC. There is no allegation that the sale was conducted (it was not). Plaintiff has not demonstrated how the posting of the sale notice, the mailing of Notice of Sale letters, or even the completion of the sale did or would have cause Plaintiff to suffer damages. *See Johncharles v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 214422 *20 (N.D. Tex. Nov. 30, 2018) ("Wells Fargo had the right to foreclose as assignee of the deed of trust and its initiation of foreclosure proceedings alone cannot support an award of actual damages.") adopted at 2018 U.S. Dist. LEXIS 213815 (N.D. Tex. Dec. 19, 2018). Plaintiff has no damages, an essential element of a fraud claim.

13. Plaintiff fails to plead two elements of his fraud claim or any facts that would allow the Court to conclude that the fraud claim is plausible. Nothing in the Complaint indicates an intent to deceive by PNC. Nothing in the Complaint indicates that Plaintiff suffered damages. Accordingly, the Court must dismiss Plaintiff's claim.

E. **The Statute of Frauds and the Economic Loss Rule vitiate Plaintiff's Fraud Claim.**

14. Plaintiff's fraud claim is barred by the statute of frauds. Under Section 26.02 of the Texas Business and Commerce Code, the statute of frauds applies to loan agreements valued

at more than $50,000.00. TEX. BUS. & COM. CODE §26.02. Any such loan agreement must be in writing to be enforceable. *Id.* Texas Courts have held that agreements to modify the terms of loans that are subject to the statute of frauds are also subject to the statute of frauds and must be in writing to be enforceable. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 213); *Deuley v. Chase Home Finance, LLC*, 2006 U.S. Dist. LEXIS 28417, at *2 (S.D. Tex. Apr. 25, 2006). For purposes of determining whether the statute of frauds applies, Texas law defines "loan agreement" broadly to include "one or more promises... pursuant to which a financial institution... agrees to… delay repayment of money, goods, or another thing of value or to otherwise extend credit of make a financial accommodation." TEX. BUS. & COM. CODE §26.02(a)(2). The Deed of Trust which PNC seeks to foreclose references a Note in the amount of $58,500.00. Exhibit A. The loan is subject to the statute of frauds. Any agreement to change the terms of the loan is therefore subject to the statute of frauds. As Plaintiff does not allege that any promise of forbearance was made to him in writing, his allegations do not state a fraud claim. *See Mass v. Wells Fargo Bank, N.A.*, 2022 U.S. Dist. LEXIS 3093, *15-26 (S.D. Tex. Jan. 6, 2022). "Plaintiff cannot use a fraud claim as an end-run around the Statute of Frauds "to obtain the benefit of the bargain that he would have obtained had the alleged promise… been fulfilled." *Wine v. United States Bank, N.A.*, 2014 U.S. Dist. LEXIS 199050 at *8 (S.D. Tex. Mar. 13, 2014) quoting *Prendes v. Select Portfolio Servicing, Inc.*, 2012 U.S. Dist. LEXIS 185384 at *5 (N.D. Tex. Dec. 28, 2012). Application of the statute of frauds mandates the dismissal of Plaintiff's fraud claim.

15.   The economic loss rule bars a plaintiff's tort claim, "[w]hen the injury is only the economic loss to the subject of a contract itself"; if it is, "the action sounds in contract alone." *Southwest Bell Tel. Co. v. DeLanney*, 809 S.W. 2d 493, 495 (Tex. 1991). *See also Memorial Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676,

678 (5th Cir.2008) ("A party's conduct may often ostensibly implicate both contractual obligations and various tort duties. Under Texas' economic loss rule . . . no duty in tort exists when plaintiffs have suffered only economic losses."); *Lamar Homes, Inc, v. Mid Continent Cas. Co.*, 242 S.W. 3d 1, 12 (Tex. 2007) (under Texas law the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."). To determine if a tort claim is barred by the economic loss doctrine, the court should examine (1) whether the claim is for a breach of a duty created by the contract as opposed to a duty imposed by law, and (2) whether the injury is only the economic loss to the subject of the contract itself. *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W. 2d 41, 45-47 (Tex. 1998). Usually "under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds." *Hugh Symons Group, PLC v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002), *citing Haase v. Glazner*, 62 S.W. 3d 795, 799 (Tex. 2002). Plaintiff sues for fraud seeking to recover damages based on an alleged promise by PNC to refrain from foreclosing should Plaintiff tender funds sufficient to reinstate or pay off his loan. Plaintiff's sole reference to damage occurs in his application for injunctive relief: "If Plaintiff's application is not granted, harm is imminent because the property will be foreclosed and result in Plaintiff being forcibly removed along with all their possessions, which will cause Plaintiff to suffer immediate and irreparable injury."[8] Plaintiff's sole reference to damages relates to the loss of the Property, which is the subject of his contract with PNC. Under the economic loss rule, "a claim sounds in contract when the only injury is economic loss to the subject of the contract itself." *Law v. Ocwen Loan Servicing, LLC*, 587 Fed. Appx. 790, 795 (5th Cir. 2014). Plaintiff's fraud claim is therefore barred by the economic loss rule and must be dismissed.

---

[8] Complaint, p. 4, § 25.

**F.     Because Plaintiff has no Substantive Cause of Action his Request for Injunctive Relief fails.**

16.     The allegations asserted by Plaintiffs will not support any substantive cause of action. Plaintiff has failed to adequately plead his fraud claim. The only remaining "claim" is that for injunctive relief. An injunction is an equitable remedy, not a cause of action, and in the absence of a substantive claim must be dismissed. *See Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 9405 at *31 (S.D. Tex. Jan. 24, 2013); *Sanchez v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 76423, * 8 (W.D. tex. April 30, 2020); *Scott v. JP Morgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 115721, *7 (S.D. Tex. Aug. 19, 2014). The Court must dismiss this claim.

**G.     Repleading would be futile.**

17.     "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). A plaintiff should be granted the opportunity to amend his pleadings only when it appears that more careful or detailed drafting may overcome the deficiencies on which dismissal is based. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000). The Court should not grant leave to amend if an amended pleading "would not withstand a motion to dismiss for failure to state a claim." *Lewis v. Fresne*, 252 F.3d 352, 360 n. 7 (5th Cir. 2001). In this case, Plaintiff's factual allegations demonstrate that Plaintiff purchased the Property by taking a loan and signing a note and deed of trust, fell behind on payments, and received notice of a foreclosure sale. These allegations do not give rise to <u>any</u> cause of action, let alone the fraud claim that Plaintiff urges.

18.     Plaintiff's sole allegation of wrongdoing by PNC is that PNC allegedly promised that if Plaintiff brought the loan current or paid it off, PNC would not foreclose the deed of trust lien. Plaintiff does not allege that he brought the loan current or paid it off. The allegations are

fatal to Plaintiff's claim.  The fraud claim is based on a promise of future action, is subject to the statute of frauds, is not in writing, and is barred by the economic loss rule.  Further attempts to re-plead this claim would be futile.  The Court should dismiss Plaintiff's claim without granting the opportunity to re-plead.

## IV.
### REQUEST FOR ATTORNEYS' FEES AND COSTS

19. PNC seeks an award of its attorney's fees pursuant to Rule 54(d)(2).

20. Section 6(E) of the Note provides that once the indebtedness is accelerated, the Lender may require the Borrower to pay costs and expenses, including attorneys' fees, expended in efforts to enforce the Note.  <u>Exhibit B, p. 2, §6(E).</u>  Section 9 of the Deed of Trust provides that if:

> there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations… then Lender may do and pay whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument…  Lenders actions can include but are not limited to: (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security instrument…  Any amounts disbursed by Lender under this Section 9 Shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

<u>Exhibit A, pp. 7-8, § 9.</u>

21. PNC seeks an award of all reasonable and necessary fees incurred in defending this lawsuit.  The Fifth Circuit finds that a prevailing lender should recover attorneys' fees and costs based on language contained in the Deed of Trust. *See Richardson v. Wells Fargo Bank, N.A., et al.*, 740 F.3d 1035, 1038 (5th Cir. 2014).  In *Richardson,* the Fifth Circuit considered whether a mortgagee of a deed of trust with language identical to the Deed of Trust executed by Plaintiff

could recover attorneys fees by motion brought pursuant to Rule 54. Reviewing the language of the deed of trust, Rule 54, and the existing authority, the court concluded that a Rule 54 motion was an appropriate means of seeking fees provided for by contract.

22. Plaintiff seeks injunctive relief in an effort to interfere with PNC's rights under the Deed of Trust. This legal proceeding places before the Court issues that significantly affect PNC's interest in the Property and rights under the Deed of Trust. In such instances, the Deed of Trust permits the recovery of attorneys' fees and costs.

23. The party seeking attorneys' fees is required to document the time spent and services performed. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1941 (1983). "Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used." *United States v. Cornerstone Wealth Corp., Inc.*, No. 3-98-CV-0601-D, 2006 U.S. Dist. LEXIS 36077, 2006 WL 1524592 at *2 (N.D. Tex. June 2, 2006), citing *Islamic Center of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989); see also *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (court must articulate reasons for rejecting normal billing rate).

24. There is an enforceable contract that permits the recovery of attorneys' fees. Plaintiff's claim against PNC is legally and factually groundless. PNC is entitled to reimbursement of its attorneys' fees and costs. *Cardenas v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-02916, Docket No. 18, Memorandum and Order, pages 11-15, Southern District of Texas (J. Hanks); *Fashakin v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-00599, Docket No. 65, Order Granting Summary Judgment, pages 23-24, Southern District of Texas (J. Gilmore); *Perri v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-cv-04018 [Docket No. 53]; (S.D. Tex. April 17,

2013, J. Milloy).

25.     As set forth in the Affidavit of Defendant's counsel attached hereto Defendant incurred attorneys' fees in the amount of **$3,657.50** in defending this litigation.  For the reasons set forth in the Affidavit, these attorneys' fees and costs are both reasonable and necessary. Defendant hereby requests judgment against Plaintiff for its reasonable and necessary attorneys' fees and costs incurred in defending this lawsuit.

## V.     Conclusion

26.     Based on the foregoing, Plaintiff fails to state any claim against PNC upon which relief can be granted.  Plaintiff's fraud claim fails because Plaintiff's pleadings fail to meet the heightened pleading standards imposed by Rule 9, because Plaintiff has failed to explain why PNC's alleged statement was false or how he was damaged by it, and because the claim is barred by the statute of frauds and the economic loss rule.  In the absence of a substantive claim, Plaintiff's request for injunctive relief must be dismissed.  Accordingly, the Court should dismiss Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

27.     PNC requests an award of its reasonable and necessary attorney's fees and costs incurred in its defense of this litigation.

## VI.     Prayer

WHEREFORE, PREMISES CONSIDERED, PNC Bank, N.A. prays that this Court (i) grant PNC's Motion to Dismiss with Prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's claims with prejudice, (ii) award PNC its attorney fees and costs, and (iii) grant PNC such further relief at law or in equity as is just.

Respectfully submitted,

By: //s// Damian W. Abreo
       DAMIAN W. ABREO

Tex. Bar No. 24006728
S.D. Tex. No. 24846
dabreo@hwa.com

OF COUNSEL:
**HUGHES WATTERS ASKANASE, LLP**
DOMINIQUE VARNER
Tex. Bar No. 00791182
dvarner@hwa.com
MICHAEL WEEMS
Tex. Bar No. 24066273
mweems@hwa.com
TotalEnergies Tower
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
(713) 328-2848 – Telephone
(713) 7596834 – Facsimile

ATTORNEYS FOR DEFENDANT,
PNC BANK, N.A.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Motion to Dismiss was forwarded to all parties and/or their attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 19th day of May, 2023, addressed as follows:

*Via Email: frontdesk@jramoslawgroup.com*
Juan G. Ramos, Jr.
612 W. Nolana, Ste. 566
McAllen, Texas 78504

**ATTORNEY FOR PLAINTIFF**

                                _/s/ Damian W. Abreo_____
                                Damian W. Abreo